## NATHAN JACOBS v. THE STATE.

No. 9135. Delivered October 28, 1925.

1.—Transporting Intoxicating Liquor—Indictment—Two Counts—Election by Court.

Where an indictment contains two counts, and no election is made by the state, but the court in his charge submits only one count, this is equivalent to an election, and no error is presented.

2.—Same—Evidence—Harmless Error.

Where on a trial under an indictment containing a count charging transportation and one charging a sale, the admission of evidence in support of the count charging a sale, even though erroneous, is harmless when such count is withdrawn and the case given to the jury under the count charging a transportation.

3.—Same—Judgment Erroneous—Is Reformed.

The judgment in this cause reciting that appellant had been found guilty of possession of intoxicating liquor is reformed to conform to the verdict of guilty of transporting intoxicating liquor, and as reformed is here now affirmed.

Appeal from the District Court of Howard County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the district court of Howard County for the offense of transporting intoxicating liquor and his punishment assessed at three years in the penitentiary.

There is no brief on file in behalf of the appellant in this case, but we find four bills of exception. The first bill of exception complains of the court refusing to compel the State to elect upon which count in the indictment it sought to prosecute the defendant. The indictment contains two counts, the first count charging a sale and the second count charging transportation. The second bill is in the nature of objections and exceptions to the court's charge and the third bill complains of the court refusing to give a special charge to the effect that if the defendant was acting purely for the accommodation of the purchaser of the alleged liquor in question and had no interest in the same, to acquit him; and the fourth bill complains of the court's action in permitting the State to ask the appellant while a witness on the stand, "For whom were you acting in this transaction?" and having him to answer thereto "I was not acting for anyone I guess." The court withdrew the first count in the indictment from the consideration of the jury and instructed the jury solely on the second count which eliminated the objection raised to the refusal of the court to force the State to elect. The third bill pertains to the sale and to the first count in the indictment which when withdrawn from the consideration of the jury eliminated any

objection thereto. The fourth bill complaining of the action of the
court in having the appellant to testify for whom he was acting,
we think would apply to the count in the indictment relative to the
sale and would have no bearing on the transportation charge in
the indictment. At any rate, the appellant on the stand went into
detail as to his entire transaction in the matter and stated that one
Andrews had approached him while he was porter on a Pullman
car at Big Springs to know if he could get him some whiskey, that
he told him he didn't have any but would see and turned over to
him the money with which to get it, and he went back and saw another
porter on another Pullman in said train, named "Cowboy," and
told him what Andrews wanted and he said that he could supply
him and that he supposed that "Cowboy" did deliver the whiskey
to said Andrews, but that he, appellant, did not. It was the con-
tention of the State's witnesses that it was the appellant who deliver-
ed the whiskey in a sack to said Andrews as said train was passing
out and the State's witnesses so testified. Under this view of the
testimony, we think the admission of the testimony complained of
was harmless. Besides, the court in his charge to the jury charged
the jury that if they believed from the evidence or had a reasonable
doubt thereof that the negro porter, "Cowboy", transported or de-
delivered the liquor in evidence to Andrews to acquit the defendant.
We think in view of the charge and all the facts and circumstances
in the case that there could possibly be no error in the admission of
said testimony.

The court submitted the second count in the indictment to the
jury in his charge on transportation and the jury returned a verdict
finding defendant guilty of said second count in the indictment,
but the judgment adjudges the defendant guilty of unlawful pos-
session of intoxicating liquor, and the sentence follows said judg-
ment and states that the appellant has been found guilty of unlaw-
ful possession of intoxicating liquor. This being an error patent upon
the face of the record, and one this court is authorized to correct,
and reform under R. S. 1925, Art. 847, C. C. P., Vernon's Statutes,
Art. 938, C. C. P., this court accordingly hereby corrects and reforms
said judgment and sentence to read that said defendant is and has
been adjudged guilty of unlawfully transporting intoxicating liquor
in lieu of possession of intoxicating liquor, and with said correction of
said judgment of the trial court so reformed, the judgment is here
now affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been ex-
amined by the Judges of the Court of Criminal Appeals and ap-
proved by the Court.